**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| POWELL PRESCRIPTION CENTER, CORNER PHARMACY, SUMMERS PHARMACY, LOGAN PRIMARY PHARMACY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>SURESCRIPTS, LLC; RELAYHEALTH; and ALLSCRIPTS HEALTHCARE SOLUTIONS INC.<br><br>      Defendants. | Civil Action No. 1:19-cv-06627<br><br>Judge John J. Tharp Jr.<br><br>Magistrate Judge Susan E. Cox |

## CASE MANAGEMENT ORDER NO. 1

**WHEREAS**, six actions, *Powell Prescription Center, et al., v. Surescripts, LLC, et al.*, No. 19-cv-6627; *Integrated Pharmaceutical Solutions LLC v. Surescripts LLC, et al.*, No. 19-cv-6778; *Falconer Pharmacy, Inc. v. Surescripts LLC, et al.*, No. 19-cv-7035; *Kennebunk Village Pharmacy, Inc. v. Surescripts LLC, et al.*, No. 19-cv-7445; *Jerald Whitman d/b/a Whitman Pharmacy v. Surescripts LLC*, et al., No. 19-cv-7448, and *BBK Global Corp. d/b/a Allure Pharmacy v. Surescripts LLC, et al.*, Case No. 1:19-cv-07640 (collectively, the "Actions"), have been initiated in this District against defendants Surescripts LLC, RelayHealth, and Allscripts Healthcare Solutions, Inc.;

**WHEREAS**, the Actions all involve similar factual allegations and seek to apply similar legal theories for liability and the recovery of damages on behalf of the same class

of pharmacies;

**WHEREAS**, a formalized organizational structure will protect the respective putative class and facilitate the efficient conduct of the litigation;

**WHEREAS**, any subsequently-filed or transferred class action arising from the same questions of law and fact, which alleges substantially the same conduct as in the Actions, will entail substantially the same evidence and witnesses;

**WHEREAS**, consolidation of the Action and other like cases will avoid duplication and unnecessary costs and promote judicial economy and the efficient conduct of proceedings herein;

**WHEREAS**, appointment of Interim Co-Lead Counsel and the following leadership structure for the Actions is appropriate under Fed. R. Civ. P. 23(g);

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

A.      **Reassignment and Consolidation of Similar Class Actions**

1.      Pursuant to Northern District of Illinois Local Rule 40.4, *Integrated Pharmaceutical Solutions LLC v. Surescripts LLC, et al.*, No. 19-cv-6778, *Kennebunk Village Pharmacy, Inc. v. Surescripts LLC, et al.*, No. 19-cv-7445, *Jerald Whitman d/b/a Whitman Pharmacy v. Surescripts LLC*, et al., No. 19-cv-7448, and *BBK Global Corp. d/b/a Allure Pharmacy v. Surescripts LLC, et al.*, Case No. 1:19-cv-07640, are hereby deemed related actions to the first-filed *Powell Prescription Center, et al., v. Surescripts, LLC, et al.*, No. 19-cv-6627, and reassigned to this Court, subject to approval by the Executive Committee.

2.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Actions ,

are hereby consolidated.

3.     This order does not have the effect of making any entity a party to an action in which it has not been joined and/or served in accordance with the Federal Rules of Civil Procedure.

4.     Any lawyer who has been admitted *pro hac vice* in any of the  Actions need not seek *pro hac vice* admission in any other action—a single *pro hac vice* admission in these consolidated proceedings is sufficient. Any lawyer who has filed a notice of appearance in any of the Actions need not notice an appearance in any other action – a single notice in these consolidated proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes.

5.     Any new filings in or actions transferred to, this Court that are related to the Actions shall be deemed consolidated unless an objection is filed within 14 days of  the newly-filed or transferred action(s), and the objection is sustained.

**B. Caption**

6.     Every pleading filed in the consolidated Action  shall bear the following caption:

| IN RE SURESCRIPTS ANTITRUST LITIGATION | Civil Action No. 1:19-cv-06627 Judge John J. Tharp, Jr. Magistrate Judge Susan E. Cox |
|---|---|

**C. Newly Filed or Transferred Actions**

7.      When an action that relates to the same subject matter as the consolidated Action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with this Action.

8.      The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court that involve allegations of antitrust violations concerning e-prescribing services that are at issue in the Actions.

**D. Organization of Plaintiffs' Counsel**

9.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following lead counsel committee as Interim Co-Lead Counsel for the proposed class:

Kenneth A. Wexler (Committee Chair)
Justin N. Boley
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
T: (312) 346-2222

Tyler W. Hudson
Eric D. Barton
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Ste. 300
Kansas City, MO 64112
T: (816) 701-1100

Daniel E. Gustafson
Michelle J. Looby
Gustafson Gluek PLLC
120 South Sixth Street, Ste. 2600
Minneapolis, MN 55402
T: (612) 333-8844

Robert N. Kaplan
Elana Katcher
Kaplan Fox & Kilsheimer LLP
850 Third Ave., 14th Floor
New York, NY 10022
T: (212) 687-1980

W. Joseph Bruckner
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900

Jeffrey L. Kodroff
Spector, Roseman & Kodroff P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
T: (215) 496-0300

10.     Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of plaintiffs in the consolidated Actions: (a) convening meetings of counsel; (b) the initiation, authorization, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) the collection on a periodic basis of contemporaneously-kept time and expense reports from all plaintiffs' counsel; (f) the retention of experts; (g) the designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or settlement with defendants; (i) the allocation of fees among counsel, if any are awarded by the Court; and (j) any and all other matters concerning the prosecution or resolution of the consolidated Actions.

11.     Interim Co-Lead Counsel shall have sole authority to communicate with

defendants' counsel, and primary authority to communicate with counsel in related actions, and with the Court on behalf of all plaintiffs in the actions. This designation does not, however, preclude Counsel representing any party and/or putative class member from making any filing on behalf of its client(s). Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all counsel in the actions.

12. Interim Co-Lead Counsel shall have the administrative responsibilities of: (a) receiving orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs, and shall be responsible for preparing and distributing the same to all class counsel upon direction from the Court; (b) maintaining and distributing a master service list of all parties and their respective counsel; and (c) performing other such duties and undertaking other responsibilities as necessary or desirable in connection with the prosecution of the litigation.

13. All plaintiffs' counsel must keep contemporaneous time and expense records and submit them periodically to Interim Co-Lead Counsel or their designee.

**E.     Consolidated Complaint**

14. The Court grants Plaintiffs permission to file the Proposed Consolidated Complaint attached as Ex. G to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Entry of Case Management Order No. 1 Consolidating the Class Actions and Appointing Interim Lead Class Counsel (the "Consolidated Complaint").

15. Counsel for Defendants agrees to accept service of Plaintiffs' consolidated complaint on behalf of Defendants Surescripts LLC, RelayHealth, and Allscripts

Healthcare Solutions, Inc.

16.     Defendants are relieved of any obligation to answer, move, or otherwise respond to the complaints filed in the Actions.

17.     Defendants shall answer, move, or otherwise respond to the Consolidated Complaint on or before January 31, 2020. Plaintiffs may file any replies or oppositions that are permitted by the Federal Rules of Civil Procedure on or before February 28, 2020.  If Defendants file motions under Federal Rule of Civil Procedure 12(b), their replies in support of those motions shall be due on or before March 27, 2020. Defendants reserve all rights to move the Court for a revised schedule in the event that other cases and complaints are filed.

**IT IS SO ORDERED.**

Dated: December 3, 2019

                                         _____

                                         John J. Tharp, Jr.
                                         United States District Judge