# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE SURESCRIPTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Class Actions | Civil Action No. 1:19-cv-06627<br><br>Honorable John J. Tharp Jr.<br><br>Magistrate Judge Susan E. Cox |

### DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT RELAYHEALTH, FOR CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS, FOR APPROVAL TO NOTIFY THE SETTLEMENT CLASS, AND FOR RELATED RELIEF

I, W. Joseph Bruckner, declare:

1.  I am a Partner in the law firm of Lockridge Grindal Nauen P.L.L.P. This Court appointed me and my firm, together with the following counsel, as Interim Co-Lead Counsel for Plaintiffs and the proposed class:

> Kenneth A. Wexler (Committee Chair)
> Justin N. Boley
> Wexler Wallace LLP
>
> Tyler W. Hudson
> Eric D. Barton
> Wagstaff & Cartmell, LLP
>
> Daniel E. Gustafson
> Michelle J. Looby
> Gustafson Gluek PLLC
>
> Robert N. Kaplan
> Elana Katcher
> Kaplan Fox & Kilsheimer LLP
>
> Jeffrey L. Kodroff
> Spector, Roseman & Kodroff P.C.

2.      I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant RelayHealth and for Certification of the Proposed Settlement Class, for Approval to Notify the Settlement Class, and for Related Relief.

3.      On behalf of Plaintiffs, other Co-Lead Counsel and I personally conducted settlement negotiations with counsel for Defendant NDCHealth Corporation d/b/a RelayHealth ("RelayHealth"). The parties signed the proposed Settlement Agreement on June 25, 2020. A true and correct copy of the Settlement Agreement Between Plaintiffs And RelayHealth, fully executed on June 25, 2020, is attached hereto as Exhibit A to this Declaration. An Addendum to the Settlement Agreement Between Plaintiffs And RelayHealth, fully executed on July 24, 2020, is attached hereto as Exhibit B to this Declaration. A separate Confidential Supplemental Agreement governing consequences to the Settlement of class member opt-outs is also attached hereto as Sealed Exhibit C for review and consideration *in camera*.

4.      Plaintiffs' Co-Lead Counsel have litigated this case vigorously since the six putative class action complaints were filed in 2019. While this proposed settlement was reached relatively early in this litigation, nevertheless we were fully aware of the strengths and weaknesses of each side's positions. In addition to our own pre-filing investigation, we had received and reviewed Defendants' production of documents made to the Federal Trade Commission (FTC) and related transcripts of testimony, and briefed all Defendants' motions to dismiss our complaints. The parties are currently engaged in discovery negotiations.

5.      During the litigation, Co-Lead Counsel researched, analyzed, and evaluated many contested legal and factual issues. Based on that analysis, and the information obtained from discovery and cooperation, Co-Lead Counsel were well informed of the factual and legal issues,

the benefits and risks of litigation, and the benefits of the proposed settlement with RelayHealth. I believe counsel for both sides thoroughly evaluated the relative strengths and weaknesses of our respective litigation positions in relation to this settlement.

6. The settlement negotiations with RelayHealth were at arm's length and were hard fought at all times. The Settlement is the product of intensive settlement negotiations and included several rounds of give-and-take between Co-Lead Counsel and RelayHealth's counsel. The parties debated many issues, and negotiated many terms of the settlement, including the amount of payment, the timing of payment, potential conditions on payment, the effect of opt-outs on any settlement, and potential cooperation against other Defendants. Throughout this process, RelayHealth has been represented by experienced, sophisticated counsel.

7. There was no collusion or preference among counsel for the parties at any time during these negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. Plaintiffs sought to obtain the greatest monetary benefit possible and ongoing cooperation from RelayHealth. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees Plaintiffs' counsel ultimately would ask the Court to award in this case.

8. In the proposed settlement, RelayHealth commits to pay the sum of $10 million ($10,000,000.00) in United States dollars into escrow for the benefit of the Settlement Class. RelayHealth paid the full settlement amount into escrow on July 22, 2020. RelayHealth also agrees to cooperate with Plaintiffs in prosecuting any remaining claims against other defendants. RelayHealth's cooperation will include providing Plaintiffs with additional documents concerning e-prescription services that it produces to the FTC or any other antitrust or competition authorities, meeting with Interim Co-Lead Counsel to provide a detailed description of the principal facts

known to RelayHealth, and providing interviews, depositions, and other testimony. As specified in the Settlement Agreement, RelayHealth will also produce certain transactional data it identifies based on a reasonable search, and will cooperate in good faith with Plaintiffs to potentially provide additional information Plaintiffs may request.

9. The proposed settlement provides for notice to Settlement Class Members of, among other things, the fact and material terms of the proposed settlement, instructions on how to opt out of the proposed class or object to the settlement, and other information.

10. I have practiced law since 1983, I have specialized in antitrust class action law since 1988, and I have prosecuted numerous antitrust class actions as lead counsel or other leadership positions, including through trial. I have personally negotiated many settlements. In my opinion, and in that of my Co-Lead Counsel, the proposed settlement agreement with RelayHealth is fair, reasonable, and adequate. The settlement provides substantial benefits to the Class, and avoids the delay and uncertainty of continuing protracted litigation against RelayHealth.

11. To the best of Co-Lead Counsel's knowledge, no individual actions have been filed against RelayHealth regarding an agreement during the class period related to routing services, and throughout this litigation no class member otherwise has expressed an interest in individually controlling separate actions against RelayHealth.

12. Plaintiffs also propose a class notice program—consisting of long form notice, email notice, publication notice, postcard notice, and a press release—in compliance with the requirements of Rule 23(c)(2)(B). After a competitive bidding process, Co-Lead Counsel selected and now propose Angeion Group ("Angeion") to develop the notice plan and draft the notice documents in this lawsuit. Angeion is an experienced provider of class notice and claims administration services in cases such as this. More information about Angeion can be found at

http://www.angeiongroup.com/ and in the Declaration of Steven Weisbrot, sworn to July 27, 2020, submitted in support of this motion. In our motion, Co-Lead Counsel are asking the Court to appoint Angeion as the notice and claims administrator for Plaintiffs in this case.

13. The proposed notice program provides the necessary information for class members to understand the lawsuit, settlement terms, and exercise their rights thereunder.

14. A true and correct copy of the proposed notices are attached hereto as Exhibit D (long form notice), Exhibit E (email notice), Exhibit F (publication notice), Exhibit G (postcard notice), and Exhibit H (press release) to this Declaration.

15. The goal of the notice plan is to maximize the reach to class members by providing direct mail and email notice to all class members for which Plaintiffs and the Notice Administrator can obtain contact information. Pursuant to the Settlement Agreement, Plaintiffs will receive from RelayHealth documents sufficient to show the identity of pharmacies in the United States and its territories that contracted with settling defendant RelayHealth for Surescripts e-prescription routing access during the class period. This information will be supplemented by the names and addresses of class members that can be readily obtained by Angeion, which, together with the documents provided by RelayHealth, will likely be sufficient to identify all Settlement Class Members.

16. Finally, after a competitive bidding process, Co-Lead Counsel selected and now propose The Huntington National Bank ("Huntington") to act as the escrow agent and provide escrow services in this litigation. More information about Huntington can be found at https://www.huntington.com/ and in the Declaration of Robyn Griffin, sworn to July 20, 2020, submitted in support of this motion. In our motion, Co-Lead Counsel are asking the Court to appoint Huntington as the escrow agent in this case.

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of July, 2020 at Minneapolis, Minnesota.

                                        s/W. Joseph Bruckner
                                        W. Joseph Bruckner