# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE SURESCRIPTS ANTITRUST LITIGATION | Civil Action No. 1:19-cv-06627 |
| | Honorable John J. Tharp Jr. |
| This Document Relates To: | Magistrate Judge Susan E. Cox |
| All Class Actions | |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT RELAYHEALTH

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of the Effective Date, by and between NDCHealth Corporation d/b/a RelayHealth ("RelayHealth" or "Settling Defendant") and the Plaintiffs on behalf of themselves and on behalf of the Settlement Class defined below in Section I(A), by and through their respective counsel.

### RECITALS

A.      There is pending in the United States District Court for the Northern District of Illinois an action captioned *In re Surescripts Antitrust Litigation*, 1:19-cv-06627 (N.D. Ill.) (hereinafter, the "Action"), in which Plaintiffs have alleged, among other things, that Defendants, including Surescripts, LLC ("Surescripts") and RelayHealth, entered into a contract, combination or conspiracy in restraint of trade, the purpose and effect of which was to suppress competition and to charge supra-competitive prices to the Settlement Class during the Class Period, in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2.

B.      RelayHealth has denied and continues to deny each and all of the claims and contentions alleged in the Action, or that could have been alleged in the Action, and has moved to

dismiss Plaintiffs' claims, and would assert numerous defenses to Plaintiffs' claims if required to do so.

C.    This Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by RelayHealth or of the truth of any of Plaintiffs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of RelayHealth's defenses.

D.    Co-Lead Counsel have conducted an investigation into the facts and law regarding the Action and the possible legal and factual defenses thereto and have concluded that a settlement with RelayHealth according to the terms set forth below is fair, reasonable, adequate, and beneficial to and in the best interests of the Settlement Class, given the uncertainties, risks, and costs of continued litigation, given the fact that if approved, the proposed settlement will be the initial settlement in a case with two remaining Defendants, and given Plaintiffs' belief as to the availability of joint and several liability against the remaining Defendants, and RelayHealth's significant obligation to cooperate with Plaintiffs in their continued prosecution of the Action against the remaining Defendants.

E.    RelayHealth, despite its belief that it is not liable for, and has strong defenses to, the Claims asserted by Plaintiffs, has concluded that further conduct of the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and according to the terms and conditions set forth in this Agreement to avoid further expense, inconvenience, and disruption, and to dispose of the burden of protracted litigation, taking into account, among other things, the uncertainty and risks inherent in any litigation, especially in complex cases such as this.

F.     Arm's-length settlement negotiations have taken place between Co-Lead Counsel and RelayHealth's Counsel over many weeks, and this Agreement has been reached as a result of those negotiations.

G.     The Parties to this Agreement desire to fully and finally settle all actual and potential Claims arising from or relating to the Action, the factual allegations underlying the Action, and each of them, and avoid the costs and risks of protracted litigation and trial.

**NOW, THEREFORE, IT IS HEREBY AGREED**, by and among the undersigned on behalf of the Settling Parties, that this Action and all Released Claims are finally and fully settled and compromised and that this Action shall be dismissed in its entirety on the merits and with prejudice as to the Released Parties, and without costs to Plaintiffs or RelayHealth, subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

## I.     DEFINITIONS

### A.     Settlement Class Definition

Plaintiffs shall seek, and Settling Defendant shall take no position with respect to, appointment of Plaintiffs' Co-Lead Counsel as Settlement Class Counsel for purposes of this Settlement and certification in the Action of a class for settlement purposes only, referred to herein as the "Settlement Class":

> All pharmacies in the United States and its territories who paid for e-prescriptions routed through the Surescripts network during the period September 21, 2010 through the date of Preliminary Approval.

### B.     General Definitions

1.     "Class Notice" means the notice to the Settlement Class that is approved by the Court, in accordance with Section II(E)(3) below.

3

2.  "Class Period" means the period from and including September 21, 2010 through the Date of Preliminary Approval.

3.  "Co-Conspirator" means those entities named as co-conspirators in the Operative Complaint.

4.  "Co-Lead Counsel" and "Settlement Class Counsel" mean collectively the law firms of Wexler Wallace LLP, Wagstaff & Cartmell, LLP, Gustafson Gluek PLLC, Kaplan Fox & Kilsheimer LLP, Lockridge Grindal Nauen P.L.L.P. and Spector, Roseman & Kodroff PC.

5.  "Complaint" or "Operative Complaint" means the Plaintiffs' Consolidated Class Action Complaint in the Action, ECF No. 52.

6.  "Court" or "District Court" means the United States District Court for the Northern District of Illinois and the Honorable John J. Tharp Jr. or his successor, or any other Court in which the Action is proceeding.

7.  "Date of Final Approval" means the date on which the Court enters an order granting final approval to this Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Section II(E)(6) below, and all rights of appeal have expired. If any appeal is taken from the Court's final approval of this Settlement Agreement, then "Date of Final Approval" means the date upon which any such appeal is resolved in favor of the Settlement Agreement and no further appellate rights exist.

8.  "Date of Preliminary Approval" means the date on which the Court enters an order granting preliminary approval to this Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Section II(E)(2) below.

9.  "Defendant" or "Defendants" means any or all the Defendants named in the Action, now or in the future.

4

10.     "Documents" means (a) all papers, electronically stored information ("ESI"), statements, transcripts, or other materials within the scope of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure; and (b) any copies or reproductions of the foregoing, including microfilm copies or computer images.

11.     "Effective Date" means the date on which this Settlement Agreement is entered into and executed by all Parties.

12.     "Escrow Account" means the account with the Escrow Agent that holds the Settlement Fund.

13.     "Escrow Agent" means the bank into which the Settlement Fund shall be deposited and maintained as set forth in Section II(C) of this Agreement.

14.     "Fairness Hearing" means a hearing on the settlement proposed in this Settlement Agreement held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.

15.     "Net Settlement Fund" means the Settlement Fund, plus accrued interest, less any award of attorneys' fees or reimbursement of expenses and less applicable taxes, tax preparation expenses, and costs of notice and administration, that may be awarded or approved by the Court.

16.     "Opt-Out" or "Opt-Outs" means Person(s), otherwise qualifying as member(s) of the Settlement Class, that has (or have) validly and timely excluded itself (or themselves) from the Settlement Class as contemplated by Sections II(E)(2) and (3) of this Settlement Agreement.

17.     "Order and Final Judgment" means the order and final judgment of the Court approving the Settlement Agreement, as described in Section II(E)(6) below.

18.     "Parties" or "Settling Parties" means Settling Defendant and the Settlement Class, as represented by Plaintiffs.

19.     "Person(s)" includes an individual and an entity.

20.     "Plaintiffs" means any or all the Plaintiffs named in the Action, now or in the future.

21.     "Potential Settlement Class Member" means each member of the Settlement Class.

22.     "Released Claims" means any and all existing or potential causes of action, claims, suits, actions, contentions, allegations, assertions of wrongdoing, demands, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity), damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory whatsoever, as well as costs, losses, expenses, penalties, attorneys' fees, in law or equity arising out of, relating to, or referred to, or in any way based upon, directly or indirectly, the conduct alleged in the Action (hereinafter, "Claims") that Releasing Parties (defined below), or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of or relating to, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, Claims, causes of action, injuries, or damages arising from or relating to any act or omission during the Class Period complained of, relating to, or referred to in the Action, including without limitation the VAR agreements.[1]  Notwithstanding the above,

---

[1] As used herein, the "VAR agreements" means the Value Added Reseller (VAR) Master Agreement between Surescripts and RelayHealth, dated April 14, 2003; the Master Agreement By and Between Surescripts and RelayHealth, dated February 25, 2010; and the Master Agreement between Surescripts and RelayHealth, dated January 16, 2015.

"Released Claims" do not include (a) claims asserted against any Defendant or Co-Conspirator other than the Released Parties nor (b) any claims based on: (1) breach of contract; (2) quality of product or (3) purchases of e-prescription routing transactions by persons or entities other than the Releasing Parties. The reservation of claims set forth in (a), (b), and (c) of this Paragraph does not impair or diminish the right of the Released Parties to assert any and all defenses to such claims.

23. "Released Parties" means jointly and severally, individually and collectively, the Settling Defendant, its predecessors; successors; assigns; affiliates (including without limitation McKesson Pharmacy Systems LLC); and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, and affiliates, and all of their heirs, executors, devisees, administrators, officers, executives, directors, stockholders, partners, members, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees. Notwithstanding the foregoing, "Released Parties" does not include any other Defendant or Co-Conspirator that is named in the Operative Complaint as of the Effective Date, either explicitly or as a third-party beneficiary.

24. "Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs, the Settlement Class, and each Settlement Class Member, on behalf of themselves and any person or entity claiming by or through them as, including without limitation, their respective predecessors; successors; assigns; and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, affiliates, heirs, executors, devisees, administrators, officers, directors, stockholders, partners, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees.

25. "Settlement Class Member" means each member of the Settlement Class that does not timely and properly exclude itself from the Settlement Class.

7

26.     "Settling Defendant" means RelayHealth.

27.     "Settling Defendant's Counsel" means the law firm of Axinn, Veltrop & Harkrider LLP.

28.     "Settlement Amount" means the cash payment of $10,000,000.00 described in Section II(A)(1), below.

29.     "Settlement Fund" means the funds described in Section II(A) of this Settlement Agreement, plus accrued interest, in the separate Escrow Account for the settlement contemplated by this Settlement Agreement established in accordance Section II(C) below.

## II.     SETTLEMENT

### A.     Performance By Settling Defendant

**1.     Settlement Payment.** Settling Defendant shall pay $10 million ($10,000,000.00) in United States dollars, all in cash, as the settlement amount in settlement of the Action, inclusive of Settlement Class recovery amounts, fees (including attorneys' fees and any other fees), and costs. This Settlement Amount shall be paid by Settling Defendant into the Escrow Account described herein within 30 days of the Effective Date.

**a.**     Settling Defendant's payment to the Escrow Agent described herein shall be by wire transfer pursuant to instructions from the Escrow Agent or Co-Lead Counsel.

**b.**     The payment described in Section II(A)(1) shall constitute the total Settlement Amount, and the obligations described in Section II(A) shall continue so long as this Settlement Agreement remains in effect.

**c.**     The Releasing Parties shall look solely to the Settlement Amount for settlement and satisfaction, as provided herein, of all Released Claims for which the Released Parties are released by the Releasing Parties pursuant to this Agreement.

8

2. **Cooperation.** Plaintiffs agree not to seek formal discovery from the Released Parties without good faith attempts to obtain information on an informal basis. Notwithstanding the foregoing, Settling Defendant and, as appropriate, McKesson Pharmacy Systems LLC shall cooperate in good faith with Plaintiffs and Settlement Class Counsel in accordance with the terms and provisions of this Agreement. Such cooperation shall consist of the following:

a. **Productions to Investigative Authorities and Other Discovery.** Within seven (7) calendar days after the Effective Date or such other time as the Parties may agree, Settling Defendant shall produce to Settlement Class Counsel, to the extent not already produced:

i. Copies of Documents produced to the Federal Trade Commission ("FTC") or any other antitrust or competition authorities in any jurisdiction ("Investigative Authorities"), by Settling Defendant or its Counsel on Settling Defendant's behalf concerning e-prescription services, produced in the same format as produced to the Investigative Authorities. If Settling Defendant did not retain copies of any such Documents it produced to the Investigative Authorities, it shall request copies from the Investigative Authorities. Settling Defendant shall also provide a written description of the document sources (both individual custodians and centralized locations) from which these documents were collected. Settling Defendant shall also produce copies of any transcripts of testimony or interviews given by any representative of Settling Defendant to an Investigative Authority.

ii. Within seven (7) calendar days of any future productions to any Investigative Authorities by Settling Defendant or its Counsel on Settling Defendant's behalf, Settling Defendant shall produce such Documents to Plaintiffs in the same format as produced to the Investigative Authorities. This obligation extends to all discovery taken by the Investigative

Authorities, including but not limited to interrogatory responses, statements, and deposition transcripts.

                iii.    Plaintiffs reserve all rights to fully participate in any discovery undertaken in any actions by Investigative Authorities involving Settling Defendant.

                iv.    In the event Plaintiffs seek additional information from Settling Defendant or McKesson Pharmacy Systems LLC which cannot be reasonably obtained from other parties or elsewhere, by subpoena, informal request, or otherwise, the parties agree to meet and confer promptly regarding Plaintiffs' request. Plaintiffs agree to take reasonable steps to minimize the burden to Settling Defendant or McKesson Pharmacy Systems LLC of such additional information.

              **b.**    **Meetings with Counsel for Settling Defendant.** Within twenty-one (21) calendar days after the Date of Preliminary Approval or such other time as the Parties may agree, Settling Defendant's Counsel shall meet with Settlement Class Counsel for at least seven (7) hours, and more if appropriate, at an agreed upon location or via videoconference, and provide at that meeting a reasonably detailed description of the principal facts known to Settling Defendant that are relevant to the alleged conduct at issue in the Action, including without limitation facts previously provided to the FTC or any other Investigative Authority in response to subpoenas or otherwise. To the extent Settlement Class Counsel have follow-up questions after this meeting, Settling Defendant's Counsel shall reasonably endeavor to answer such questions. Any statements made by Settling Defendant's Counsel under this Paragraph shall be deemed to be "conduct or statements made in compromise negotiations regarding the claim" and shall be inadmissible in evidence as provided under Federal Rule of Evidence 408 and state-law equivalents. In the event, for whatever reason, this Agreement is terminated or the Settlement

Agreement is not approved by the Court, such inadmissibility shall survive. Further, the cooperation described in this provision and the remainder of this Agreement shall not require Settling Defendant or its Counsel to provide information protected by the attorney-client privilege, attorney work-product doctrine, or other similar privileges, and Settling Defendant shall not waive any such protections or privileges.

      **c.**    **Interviews.**    Within sixty (60) calendar days after the Date of Preliminary Approval or such other time as the Parties may agree, Settling Defendant agrees to make reasonable efforts to make available for interview three (3) current or former employees of Settling Defendant with information regarding the factual allegations underlying the Claims in the Action, including general industry knowledge. With respect to former employees, Settling Defendant will make reasonable efforts to secure the witnesses' attendance but may be unable to do so. At Settlement Class Counsel's option, such interviews may be conducted by video conference, telephone, or other safe and reasonable means on a date to be mutually agreed upon by the Parties.

      **d.**    Within sixty (60) calendar days after the Date of Preliminary Approval or such other time as the Parties shall agree, Settling Defendant shall produce the following information, to the extent it is identified in a reasonable search, to Settlement Class Counsel:

      i.    Documents sufficient to show the amounts of payments made by pharmacies in the United States and its territories during the Class Period to Settling Defendant for e-prescription routing transactions and, in electronic format, the names of those customers and their last known addresses;

           ii.     ESI as agreed upon by the Parties (to the extent such ESI is within its possession, custody or control, and may be retrieved and compiled through reasonable efforts) sufficient to show Settling Defendant's revenues and volumes of e-prescription routing transactions for pharmacies in the United States and its territories from September 21, 2010 through the Effective Date, provided that the Settling Defendant shall not be obligated to produce invoices, individual transaction records, or Documents other than summaries or reports sufficient to break down and reflect the foregoing information;

           iii.     Documents sufficient to show price lists or pricing methodology related to e-prescription services used by Settling Defendant during the Class Period for pharmacies in the United States and its territories;

           iv.     Documents sufficient to show the identity of pharmacies in the United States and its territories that contracted with Settling Defendant for Surescripts e-prescription routing access during the Class Period; and

           v.     Documents sufficient to show Settling Defendant's itemized e-prescription routing sales to pharmacies in the United States and its territories during the Class Period.

           **e.**     **Depositions.** Within ninety (90) calendar days of the Date of Preliminary Approval or such other time as the Parties shall agree, Settling Defendant agrees to make available for depositions two (2) current or former employees of Settling Defendant with information regarding the factual allegations underlying the Claims in the Action. With respect to former employees, Settling Defendant will make reasonable efforts to secure the witnesses' attendance but may be unable to do so. These deposition witnesses shall be provided at a mutually

agreed upon location and via mutually agreed upon means (e.g., in person, via video conference).
Each deposition shall consist of no more than 7 hours of time on the record.

Written notice served by Settlement Class Counsel upon Settling Defendant's Counsel
shall constitute sufficient service of notice of any depositions requested under this Paragraph.

Settling Defendant agrees that Settlement Class Counsel may ask questions at depositions
of Settling Defendant's witnesses noticed by any other Parties in the Action or, in any other action,
including the FTC's parallel action against Surescripts, captioned *FTC v. Surescripts, LLC*, 1:19-
cv-01080 (D.D.C.) (hereinafter, the "FTC Action"), to the extent the Parties are allowed to
participate in the same. Any such questioning shall be counted against the total time allotted for
any witness who is also a deponent pursuant to Section II(A)(2)(e) of this Agreement.

     **f.**    **Authentication of Documents.** Settling Defendant agrees to use
reasonable efforts to authenticate and provide business record foundation for, to the extent
possible, documents and/or things produced in the Action by way of declarations, affidavits, and
other forms of written testimony as may be necessary for the Action.

     **g.**    If Settling Defendant produces any declarations, Documents, data or
other responses to discovery to any other Parties in the Action, Settling Defendant will produce
the same to Settlement Class Counsel.

     **h.**    **Testimony at Trial.** Settling Defendant agrees to make available
for testimony at trial in the Action two (2) current or former employees of Settling Defendant
whom Settlement Class Counsel, in consultation with Settling Defendant's Counsel, reasonably
believe have knowledge regarding Plaintiffs' Claims alleged in the Action. With respect to former
employees, Settling Defendant will make reasonable efforts to secure the witnesses' attendance
but may be unable to do so. Such witnesses will be made available at Settling Defendant's expense

13

and upon reasonable notice. Such witnesses may but need not be the same witnesses who have provided deposition testimony in the Action. Such witnesses will appear at trial and testify, but they are not obligated to participate in or assist plaintiffs with trial preparation.

        **i.**    **Discovery.** None of the foregoing provisions shall be construed to prohibit Plaintiffs from seeking appropriate discovery from non-settling Defendants or Co-Conspirator or any other Person other than the Released Parties.

        **j.**    **Confidentiality.** All non-public data, Documents, information, testimony, or communications provided to Settlement Class Counsel pursuant to this Section II(A)(2) ("Cooperation Materials"), if so designated by Settling Defendant, shall be treated as "Confidential" or "Highly Confidential" under the protective order (ECF No. 68) in the Action. Settlement Class Counsel shall use such Cooperation Materials solely for purposes of prosecuting Plaintiffs' Claims in the Action against non-settling Defendants and Co-Conspirators, and for no other purpose.

        **k.**    **Attorney Client Privilege, Work Product Doctrine.** Notwithstanding any other provision in this Settlement Agreement, Settling Defendant may assert where applicable the work-product doctrine, the attorney-client privilege, or any similar privilege recognized by the courts with respect to any Cooperation Materials (including Documents, statements, testimony, material, and/or information) requested under this Settlement Agreement. If any Documents protected by the attorney-client privilege, the work-product doctrine, or any similar privilege are accidentally or inadvertently produced, they shall be treated in accordance with the protective order (ECF No. 68) and the agreed upon ESI protocol (ECF No. 88-1) in the Action.

3.      Settling Defendant acknowledges that the Cooperation Materials provided pursuant to this Agreement may be used by Plaintiffs for the further prosecution of the Action, and that such use is an exception to the general inadmissibility provisions set forth above.

4.      Settling Defendant agrees not to provide assistance to any non-settling Defendants or Co-Conspirators in this Action, except this provision does not bar Settling Defendant from responding to any lawfully issued subpoenas from Defendants or Co-Conspirators in this Action.

5.      Plaintiffs agree to take reasonable steps to minimize the burden imposed on Settling Defendant by virtue of the cooperation set forth in this Section II(A)(2), including by coordinating the cooperation of Settling Defendant with any required discovery in either the instant Action or the FTC Action against Surescripts.

6.      Should Plaintiffs have good cause to need additional cooperation in their prosecution of the Action against other Defendants, RelayHealth and Plaintiffs will negotiate the additional cooperation in good faith to provide the assistance needed while minimizing the burden to RelayHealth.

7.      **Ongoing Duty to Cooperate.**      Settling Defendant's obligations to cooperate pursuant to Section II(A) of this Agreement shall not be terminated or otherwise affected by the release set forth in Section II(B) of this Agreement. Unless this Agreement is not approved by the Court or terminated pursuant to Section II(E)(9) or otherwise, Settling Defendant's obligations to cooperate under this Settlement Agreement as provided in Section II(A) shall continue until final judgment has been rendered in the Action against all Defendants, and the time to appeal or to seek permission to appeal from the Court's entry of final judgment has expired or, if appealed, final judgment has been affirmed in its entirety by the court of last resort to which

15

such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

**B.     Release of Claims.**

**1.     Release.**   Upon the occurrence of the Date of Final Approval, and in consideration of the valuable consideration set forth in this Agreement, the Releasing Parties shall be deemed to, and by operation of the Order and Final Judgment shall have, hereby fully, finally, and forever released, relinquished, and discharged the Released Parties of all Released Claims.

**2.     Covenant Not to Sue.**   The Releasing Parties covenant not to sue or otherwise seek to establish liability against the Released Parties for any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type arising out of or relating to the Released Claims, including, without limitation, seeking to recover damages relating to any of the Released Claims.   This Paragraph shall not apply to any action to enforce this Settlement Agreement.

**3.     Full Release.** The Parties to this Agreement expressly agree and confirm that the Released Claims as set forth in Section I(B)(22) and the provisions of Section II(B) constitute a full and final release of the Released Parties by the Releasing Parties of the Released Claims.

**4.     Waiver.** Upon the Date of Final Approval, the Releasing Parties shall be deemed to have, and by operation of the Order and Final Judgment shall have, with respect to the subject matter of the Released Claims, waived the provisions, rights, and benefits of Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, each of which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Releasing Parties shall further be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived all similar provisions, statutes, regulations, rules, or principles of law or equity of any other state or applicable jurisdiction, or principle of common law. In connection with the waiver and relinquishment set forth in this Paragraph, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to release fully, finally, and forever all Released Claims against the Released Parties, and, upon the Date of Final Approval, shall be deemed to have, and by operation of the Order and Final Judgment, shall have, fully, finally, and forever settled and released any and all Released Claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, notwithstanding the discovery or existence of any such additional or different facts. The Releasing Parties intend and, by operation of the Order and Final Judgment, shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement Agreement of which this waiver and release is a part.

C.     **Settlement Fund Administration.**  The Settlement Fund shall be administered pursuant to the provisions of this Settlement Agreement and subject to the Court's continuing supervision and control, until the funds in the Settlement Fund are fully distributed, as follows:

1.      The Settlement Fund shall be established within an Escrow Account and administered by an Escrow Agent at a bank designated by Co-Lead Counsel and administered by an Escrow Agent designated by Co-Lead Counsel. Co-Lead Counsel, Settling Defendant, and Settling Defendant's Counsel agree to cooperate in good faith to prepare an appropriate escrow agreement in conformance with this Agreement.

2.      Neither the Settlement Class nor Co-Lead Counsel shall have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement Class or obtaining approval of the settlement or administering the Settlement. Co-Lead Counsel may, without prior order of the Court, withdraw from the Settlement Fund up to $1,000,000 to pay the costs for notice and for preliminary and final approval of this Settlement Agreement. If Court-ordered notice and administration costs exceed $1,000,000, Plaintiffs and Co-Lead Counsel may apply to the Court to pay such additional notice and administration costs from the Settlement Fund. Any costs of notice Plaintiffs are permitted to withdraw from the Settlement Fund shall be nonrefundable if, for any reason, the Settlement Agreement is not finally approved. For the avoidance of doubt, absent a Court order, neither Plaintiffs nor Co-Lead Counsel may use the $1,000,000 or additional monies they are permitted to withdraw from the Settlement Fund towards Co-Lead Counsel's attorneys' fees. In the event that Plaintiffs or Co-Lead Counsel are permitted by Court order to use monies towards Co-Lead Counsel's attorneys' fees and the Settlement Agreement is not finally approved, any such attorneys' fees will be refundable.

3.      If there are other settlements at the time of the motion for preliminary approval of this Settlement Agreement, Co-Lead Counsel shall endeavor to ensure that notice and

claims administration costs shall be paid from the settlement funds proportionate to the amount of any such settlements, consistent with any such other agreements and the approval of the Court.

4.      Under no circumstances will Settling Defendant be required to pay more or less than the Settlement Amount pursuant to this Agreement and the settlement set forth herein. For purposes of clarification, the payment of any fee and expense award, the notice and administration costs (including payment of any applicable fees to Escrow Agent) and any other costs associated with the implementation of this Settlement Agreement shall be exclusively paid from the Settlement Amount.

5.      No other funds shall be paid or disbursements made from the Settlement Fund without an order of the Court.

6.      The Escrow Agent shall, to the extent practicable, invest the funds deposited in the Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or any agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Any cash portion of the Settlement Fund not invested in instruments of the type described in the first sentence of this Section II(C)(6) shall be maintained by the Escrow Agent, and not commingled with any other funds or monies, in a federally insured bank account. After payment into the Settlement Fund pursuant to Section II(A)(1), neither the Settling Defendant nor Settling Defendant's Counsel shall bear any responsibility or risk related to the Settlement Fund or the Net Settlement Fund.

7.      The Parties agree that the Settlement Fund and the Net Settlement Fund are each intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Qualified Settlement Fund within

the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes, as defined below, owed with respect to the Escrow Account. Neither the Settling Defendant nor the Settling Defendant's Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any Taxes (as defined below) with respect to the Escrow Account.

      **8.**     All: (i) taxes on the income of the Settlement Fund ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) shall timely be paid by the Escrow Agent out of the Settlement Fund. The Settlement Class Members shall be responsible for paying any and all federal, state, and local income taxes due on any distribution made to them pursuant to the Settlement Agreement provided herein.

      **9.**     After the Date of Final Approval, the Net Settlement Fund shall be disbursed in accordance with a plan of distribution to be approved by the Court. The Settlement Class Members shall look solely to the Net Settlement Fund for settlement and satisfaction of any and all Released Claims from the Released Parties. The timing of a motion to approve a plan of distribution of the Net Settlement Fund created by this Settlement Agreement shall be in the discretion of Co-Lead Counsel, and may be combined with a plan to distribute proceeds from other settlements in this Action.

    **D.**    **No Reversion**

      Except as provided in Section II(E)(9)(b), Settling Defendant shall have no rights to reversion in the event that Potential Settlement Class Members request exclusion or opt out of the Class, and any Opt-Outs shall have no effect on this Settlement Agreement.

**E.**     **Approval of Settlement Agreement and Dismissal of Claims.**

**1.**     **Cooperation.**  Plaintiffs and Settling Defendant shall use their best efforts to effectuate this Settlement Agreement, including obtaining all necessary approvals of the Court required by this Agreement.

**2.**     **Preliminary Approval.**  Plaintiffs shall submit to the District Court a motion, as soon as practicable at such time deemed appropriate in the discretion of Co-Lead Counsel, requesting entry of an order preliminarily approving the settlement ("Preliminary Approval Order"). Settling Defendant shall take no position with respect to such motion. Plaintiffs have advised Settling Defendant that the proposed Preliminary Approval Order shall provide that, *inter alia*:

        **a.**     the settlement proposed in the Settlement Agreement has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class;

        **b.**     the proposed Class Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances for settlement purposes;

        **c.**     after Class Notice has been carried out, a hearing on the settlement proposed in this Settlement Agreement shall be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court;

        **d.**     Potential Settlement Class Members who wish to exclude themselves must submit an appropriate and timely request for exclusion;

        **e.**     Potential Settlement Class Members who wish to object to this Agreement must submit an appropriate and timely written statement of the grounds for objection; and

        **f.**     Potential Settlement Class Members who wish to appear in person to object to this Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

3.     **Class Notice.** The Class Notice shall provide for a right of exclusion, as set forth in Section II(E)(2). The Class Notice shall also provide for a right to object to the proposed Settlement. Individual notice of the Settlement Agreement to all Potential Settlement Class Members who can be identified through reasonable effort shall be mailed or emailed to the Settlement Class in conformance with a notice plan to be approved by the Court. Plaintiffs shall move to approve notice to the Settlement Class of this Settlement Agreement as soon as practicable, at such time deemed appropriate in the discretion of Co-Lead Counsel. Such motion may be combined with notice of other settlements in this Action.

4.     **Cost of Class Notice.** The costs of providing Class Notice to Potential Settlement Class Members shall be paid by the Escrow Agent from the Settlement Fund pursuant to Sections II(C)(2) and (3).

5.     **CAFA Notice.** Within ten (10) days of filing of this Settlement Agreement in court with the abovementioned motion for preliminary approval, Settling Defendant will provide to the appropriate state officials and the appropriate federal official the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

6.     **Final Approval.** If this Settlement Agreement is preliminarily approved by the Court, the Settlement Class shall seek entry of an Order and Final Judgment as soon as practicable at such time deemed appropriate in the discretion of Co-Lead Counsel. Settling Defendant shall take no position with respect to such motion. Plaintiffs have advised Settling Defendant that they shall seek entry of an Order and Final Judgment that, *inter alia:*

a.     finally approves this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

b.     determines that the Class Notice constituted, under the circumstances, the most effective and practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

c.     orders that all claims made against the Settling Defendant in the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without further costs or fees;

d.     incorporates the release set forth in this Agreement such that the Releasing Parties release the Released Parties of the Released Claims as of the date of the Order and Final Judgment;

e.     reserves to the Court exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this Agreement;

f.     determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to the Released Parties shall be final and entered forthwith; and

g.     orders that settlement funds may be disbursed as provided in the Final Approval Order or other order of the Court.

7.     **Class Counsel Fees and Expenses; No Other Costs.**

a.     Except as otherwise provided in this Settlement Agreement, Settling Defendant shall have no responsibility for any other costs, including Co-Lead Counsel's attorneys' fees, costs, and expenses or the fees, costs, or expenses of any Plaintiff's or Settlement Class Member's respective attorneys, experts, advisors, or representatives, provided, however, that with respect to the Action, including this Settlement Agreement, Settling Defendant shall bear its own costs and attorneys' fees.

b.     At their discretion and after proper notice to the Settlement Class and opportunity to object, Co-Lead Counsel may seek a court order granting attorneys' fees and expenses from the Settlement Fund, separately or in conjunction with other settlements.

        **c.**     At their discretion and after proper notice to the Settlement Class and opportunity to object, Class Counsel may seek from the Settlement Fund, separately or in conjunction with other settlements, a court order granting reimbursement of costs and service awards for the work Plaintiffs performed on behalf of the Settlement Class, and to compensate for the time and expense they have incurred in bringing this Action.

        **d.**     The procedure for and the allowance or disallowance by the Court of any applications by Co-Lead Counsel for attorneys' fees and expenses or the expenses of or service awards to Plaintiffs to be paid out of the Settlement Fund are not part of or a condition to the settlement set forth herein, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to any application for attorneys' fees or expenses shall not operate to terminate or cancel this Agreement or the releases set forth herein, or affect or delay the finality of the judgment approving this settlement.

        **e.**     Within 15 calendar days after any order by the Court awarding attorneys' fees, expenses, class representative service awards or expenses, the Escrow Agent shall pay the approved attorneys' fees, costs, and service award via wire transfer from the Settlement Fund as directed by Co-Lead Counsel. In the event the settlement is reversed on appeal, or the amount of attorneys' fees, costs, or service award is reduced on appeal, class counsel shall, within 30 days of such appellate order, cause the difference in the amount paid and the amount awarded on appeal to be returned to the Settlement Fund.

        **8.**     **When Settlement Becomes Final**. The settlement contemplated by this Settlement Agreement shall become final on the date that: (a) the Court has entered the Order and Final Judgment approving this Settlement Agreement, and all of its material terms and conditions,

in accordance with Section II(E)(6), above, under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action as against the Settling Defendant with prejudice as to all Settlement Class Members and without costs; and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of the order of Final Judgment, as described in Section II(E)(6) above, has expired with no appeal having been filed or, if appealed, approval of this Settlement Agreement and the Order and Final Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review. The Parties agree that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure, nor the All Writs Act, 28 U.S.C. § 1651, nor any extensions of time in petitioning for a writ of certiorari under Rule 13 of the Rules of the Supreme Court of the United States, shall be taken into account in determining the above-stated times.

   **9.**  **Termination and Rescission.**

     **a.**  **Rejection or Alteration of Settlement Terms.** If the Court declines to grant either preliminary or final approval to this Settlement Agreement or any material part hereof (as set forth in Sections II(E)(2) or (E)(6) above, respectively), or if the Court approves this Settlement Agreement in a materially modified form, or if after the Court's approval, such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Order and Judgment, or if the Court enters the Final Order and Judgment and appellate review is sought and on such review such Final Order and Judgment is not affirmed (collectively, "Triggering Events"), then Settling Defendant and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety by providing written notice of their election to do so ("Termination Notice") to each other within thirty (30) calendar days of such

Triggering Event. For purposes of this Section II(E)(9)(a), a material modification includes but is not limited to any modification to the settlement payments, the scope of the release pursuant to Section II(B), and the scope of the cooperation provisions in Section II(A)(2).

     **b.**  **Rescission Based on Opt-Outs.** Simultaneously herewith, Plaintiffs and Settling Defendant are executing a "Supplemental Agreement" setting forth certain conditions under which this Agreement may be withdrawn or terminated in Settling Defendant's sole discretion if Potential Settlement Class Members who meet certain criteria Opt-Out from the Settlement Class. The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court. The Settling Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.

     **c.**  **Termination of Settlement.**  In the event this Settlement Agreement is rescinded or terminated pursuant to this Section II(E)(9), then: (i) within fifteen (15) business days, the Settlement Fund—including accrued interest, less taxes and tax expenses that have been paid or that have accrued and will be payable at some later date, and attorneys' fees and costs that have been disbursed pursuant to Court Order, and less expenses and costs that have been disbursed pursuant to Section II(C)(2)—shall be refunded by the Escrow Agent to the Settling Defendant pursuant to written instructions from Settling Defendant's Counsel to Co-Lead Counsel; (ii) the Parties shall be deemed to have reverted to their respective status in the Action as of the day before the Effective Date, and without waiver of any positions asserted in the Action as of the day before the Effective Date, and without having deemed adopted or accepted any part of this Settlement Agreement for purposes of the Action, which shall then resume proceedings in the

District Court, that Court having retained jurisdiction over the Settlement Agreement and related matters and, except as otherwise expressly provided in this Settlement Agreement, the Parties shall proceed in all respects as if this Settlement Agreement had not been executed.

      **10.**    **No Admission**.

      **a.**    Nothing in this Settlement Agreement constitutes an admission by Settling Defendant as to the merits of the allegations made in the Action, or an admission by Plaintiffs or the Settlement Class of the validity of any defenses that have been or could be asserted by Settling Defendant.

      **b.**    This Settlement Agreement, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any of the Settling Parties to be received in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any of the Settling Defendant or other Released Parties; provided, however, that nothing contained in this Section II(E)(10)(b) shall prevent this Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Order and Final Judgment, or in which the reasonableness, fairness, or good faith of any Party participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement Agreement or the Order and Final Judgment. This Settlement Agreement may, however, be filed and used in other proceedings, where relevant, to demonstrate the fact of its existence and of this Settlement Agreement, including but not limited to Settling Defendant filing the Settlement Agreement and/or the Order and Final Judgment in any other action that may be

brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, waiver, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### 11. Reservation of Class Members' Rights Against Other Defendants

Plaintiffs and the Settlement Class reserve all rights against any and all current or future Defendants or Co-Conspirators other than the Released Parties. The sales by Settling Defendant shall, to the extent permitted or authorized by law, remain in the Action against the other current or future Defendants in the Action as a potential basis for damage claims and, to the extent permitted or authorized by law, shall be part of any joint and several liability claims against such Defendants or other persons or entities other than the Released Parties.

### III. MISCELLANEOUS

**A.** **Entire Agreement.** This Settlement Agreement shall constitute the entire agreement between the Settlement Class and Settling Defendant pertaining to the settlement of the Action against Settling Defendant and supersedes any and all prior and contemporaneous undertakings of the Settlement Class and Settling Defendant in connection therewith. All terms of the Settlement Agreement are contractual and not mere recitals.

**B.** **Inurement.** The terms of the Settlement Agreement are and shall be binding upon, to the fullest extent possible, each of the Releasing Parties and the Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties, Releasing Parties, or Released Parties, including any Settlement Class Members.

**C.** **Modification.** This Settlement Agreement may be modified or amended only by a writing executed by the Settlement Class and Settling Defendant, subject (if after preliminary or

final approval) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

**D.  Drafted Mutually.**  For the purpose of construing or interpreting this Settlement Agreement, the Settlement Class and Settling Defendant shall be deemed to have drafted it equally, and it shall not be construed strictly for or against any party.

**E.  Governing Law.**  All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of Illinois without regard to its choice-of-law or conflict-of-law principles.

**F.  Jurisdiction.**  This Settlement Agreement is subject to the continuing and exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein. If for any reason this Settlement Agreement is rescinded, terminated or fails to become effective, then, in such event, nothing in this Settlement Agreement or with regard to any conduct of Settling Defendant or Settling Defendant's Counsel pursuant to any obligations Settling Defendant has pursuant to the Agreement shall constitute or are intended to be construed as any agreement to personal jurisdiction (general or specific) or subject matter jurisdiction so as to confer the jurisdiction of the District Court over Settling Defendant, nor shall it constitute any waiver of any defenses based on personal or subject matter jurisdiction.

**G.  Counterparts.**  This Settlement Agreement may be executed in counterparts by Co-Lead Counsel and Settling Defendant's Counsel, each of which shall be deemed an original and all of which taken together shall constitute the same Settlement Agreement. A facsimile or .pdf

signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

**H.    Represented by Counsel**. Plaintiffs, the Settlement Class and Settling Defendant acknowledge that each have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so and are not relying on any representation or warranty by the other party other than as set forth herein. Therefore, the Settling Parties and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.

**I.    Authorization**. Each of the undersigned attorneys represents that he or she is fully authorized to enter into and execute this Settlement Agreement, subject to Court approval; the undersigned Co-Lead Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class; and the undersigned Settling Defendant's Counsel represent that they are authorized to execute the Settlement Agreement on behalf of Settling Defendant.

**J.    Privilege.** Nothing in this Settlement Agreement or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

**K.    Notice.** Any notice required pursuant to or in connection with this Settlement Agreement shall be in writing and shall be given by: (1) hand delivery; (2) registered or certified mail, return receipt requested, postage prepaid; or (3) UPS or similar overnight courier, addressed, in the case of notice to any Plaintiff or Settlement Class Member, to Co-Lead Counsel at their addresses set forth below, and, in the case of notice to Settling Defendant, to their representative

at the address set forth below, or such other address as Settling Defendant or Co-Lead Counsel may designate, from time to time, by giving notice to all Parties in the manner described in this Section III(K).

For Plaintiffs:

Kenneth A. Wexler
Justin N. Boley
**Wexler Wallace LLP**
55 West Monroe St., Ste. 3300
Chicago, IL 60603
T: (312) 346-2222
F: (312) 346-0022
kaw@wexlerwallace.com
jnb@wexlerwallace.com

For Settling Defendant RelayHealth:

Rachel J. Adcox
Jeny M. Maier
**AXINN, VELTROP & HARKRIDER LLP**
950 F Street, NW
Washington, DC 20004
T: (202) 912-4700
F: (202) 912-4701
radcox@axinn.com
jmaier@axinn.com

Daniel S. Bitton
**AXINN, VELTROP & HARKRIDER LLP**
560 Mission Street
San Francisco, CA 94105
T: (415) 490-2000
F: (415) 490-2001
dbitton@axinn.com

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

31

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the Effective Date.

Dated: June 25, 2020

Kenneth A. Wexler

Kenneth A. Wexler
Justin N. Boley
**Wexler Wallace LLP**
55 West Monroe St., Ste. 3300
Chicago, IL 60603
T: (312) 346-2222
F: (312) 346-0022
kaw@wexlerwallace.com
jnb@wexlerwallace.com

Daniel E. Gustafson
Michelle J. Looby
**Gustafson Gluek PLLC**
120 South Sixth Street, Ste. 2600
Minneapolis, MN 55402
T: (612) 333-8844
F: (612) 339-6622
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com

Tyler W. Hudson
Eric D. Barton
**Wagstaff & Cartmell, LLP**
4740 Grand Avenue, Ste. 300
Kansas City, MO 64112
T: (816) 701-1100
F: (816) 531-2372
thudson@wcllp.com
ebarton@wcllp.com

Robert N. Kaplan, Esq.
Elana Katcher, Esq.
**Kaplan Fox & Kilsheimer LLP**
850 Third Ave., 14th Floor
New York, NY 10022
T: (212) 687-1980
Email: rkaplan@kaplanfox.com

Dated: 6-25-2020

Rachel J. Adcox

Rachel J. Adcox
Jeny M. Maier
**AXINN, VELTROP & HARKRIDER LLP**
950 F Street, NW
Washington, DC 20004
T: (202) 912-4700
F: (202) 912-4701
radcox@axinn.com
jmaier@axinn.com

Daniel S. Bitton
**AXINN, VELTROP & HARKRIDER LLP**
560 Mission Street
San Francisco, CA 94105
T: (415) 490-2000
F: (415) 490-2001
dbitton@axinn.com

***Counsel for Defendant RelayHealth***

32

Email: ekatcher@kaplanfox.com

W. Joseph Bruckner
Brian D. Clark
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Jeffrey L. Kodroff
**Spector Roseman & Kodroff, P.C.**
2001 Market Street
Philadelphia PA 19103
T: (215) 4960300
jkodroff@srkattorneys.com

*Interim Co-Lead Counsel for Plaintiffs*