UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE SURECRIPTS ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Class Actions | Civil Action No. 1:19-cv-06627<br><br>Judge John J. Tharp Jr.<br><br>Magistrate Judge Susan E. Cox |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT RELAYHEALTH**

This Court has held a hearing on Plaintiffs' Motion for Final Approval of the Settlement with Defendant RelayHealth. Plaintiffs have entered into a Settlement Agreement with Defendant RelayHealth ("Settling Defendant"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and all papers filed, hereby finds that the motion should be **GRANTED** as to the settlement with Settling Defendant.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class") and the Settling Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

1

3. Pursuant to Fed. R. Civ. P. 23(g), Interim Co-Lead Counsel previously appointed by the Court is appointed as Co-Lead Counsel for the Settlement Class as they have and will fairly and competently represent the interests of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All pharmacies in the United States and its territories who paid for e-prescriptions routed through the Surescripts network during the period September 21, 2010 through the date of Preliminary Approval.

5. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

6. The Court hereby finally approves the Settlement Agreement and its terms and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the Settlement Agreement according to its terms and conditions.

7. The Court affirms its certification of the Settlement Class in its order granting preliminary approval of the proposed settlement. (ECF No. 175).

8. This Court hereby dismisses on the merits and with prejudice all Claims in the

above action against the Settling Defendant, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

9.    The Releases in the Settlement Agreement are incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

10.    The Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

11.    The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

12.    No member of the Settlement Class objected to the Settlement.

13.    As set forth in the notice to the Settlement Class, at this time Co-Lead Counsel are not seeking attorneys' fees, reimbursement of litigation expenses, or class representative incentive

3

awards, or to distribute Settlement proceeds to qualified claimants; when Co-Lead Counsel determine to do so, they will notify the Settlement Class and seek the Court's approval.

14. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Only one entity has requested to be excluded from the Settlement Class.

15. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

16. The Settling Defendant has served upon the appropriate state officials and the

appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

17. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

DATED: February 24, 2022

JOHN J. THARP, JR.
United States District Judge