**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE SURESCRIPTS ANTITRUST LITIGATION** | **Civil Action No: 1:19-cv-06627** |
| | **Judge John J. Tharp, Jr.** |
| **This Document Relates To:** **All Class Actions** | **Magistrate Judge Susan E. Cox** |

**ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.'S MOTION TO EXCLUDE THE
TESTIMONY AND REPORT OF MICHELE V. DAVIDSON**

Defendant Allscripts Healthcare Solutions, Inc.[1] ("Allscripts") hereby moves the Court exclude the opinions of Plaintiffs' expert Michele V. Davidson ("Ms. Davidson") as to Allscripts. Ms. Davidson does not offer opinions bearing on the conduct Plaintiffs allege against Allscripts and, therefore, her opinions fail to meet the relevance requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

1.    Expert testimony is admissible under Rule 702 when the party offering the evidence shows that the "scientific testimony is not only relevant, but reliable". *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *see also Daubert*, 509 U.S. at 589 (1993). The "proponent of the expert bears the burden of demonstrating that the expert's testimony" is admissible by a preponderance of the evidence. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

2.    To comport with the requirements set by *Daubert*, an expert's testimony must be "relevant to the task at hand." *Krik v. Exxon Mobil Corp.*, 870 F.3d 669, 674 (7th Cir. 2017). The

---

[1] Allscripts is now known as Veradigm, Inc.

trial judge "must make a preliminary assessment that the testimony's underlying reasoning or methodology" is "properly applied to the facts at issue." *Id*. This is known as the "fit" requirement, meaning that the expert testimony must be tied to the particular facts of the case. Expert opinion is improper where it does not "fit" the facts of the case and is "connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Daubert*, 509 U.S. at 591 (1993) (expert testimony that "does not relate to any issue in the case is not relevant and, ergo, non-helpful").

3.      Furthermore, an expert must "substantiate his opinion; providing only an ultimate conclusion with no analysis is meaningless." *Clark v. Takata Corp.*, 192 F.3d 750, 757 (7th Cir. 1999) (internal quotations omitted).

4.      Ms. Davidson admitted that she does not have any opinions related to Allscripts. As such, her entire report should be inadmissible as to Plaintiffs' claim against Allscripts. An expert must help the trier of fact "understand the evidence or determine a fact in issue." *See Krik v. Crane Co.*, 71 F. Supp. 3d 784, 785-786 (N.D. Ill. 2014). It follows then, that where the expert testimony is disconnected from the claim against one of the parties, the testimony doesn't help the trier of fact do either. Ms. Davidson admittedly has no opinions relating to Allscripts' conduct at issue in this case and, thus, her opinions cannot fit the facts of the allegations against Allscripts. *See* Exhibit 1 "Davidson Dep. Tr.", 93:14-23; *see also Clark v. Takata Corp.*, 192 F.3d 750, 757 (7th Cir. 1999) (excluding expert where no data, analysis, or testing was conducted to substantiate his opinion).

5.      Ms. Davidson admitted she has ***no*** opinions related to Defendant Allscripts.

Q. In your four opinions, you don't offer any opinions relating to the conduct alleged in this case against Allscripts, do you?

A. Once again, that was not what I was asked to look into.

Q. So you don't have any opinions relating to Allscripts?

A. Correct.

Davidson Dep. Tr., 93:14-23. Her opinions should be excluded as to Allscripts on that basis alone because they are irrelevant to any claim against Allscripts given she offers no opinions that involve Allscripts.

6.       More broadly, Ms. Davidson admitted to having no opinions as to electronic health record vendors ("EHRs"), like Allscripts and has no experience related to EHRs that would guide her in forming an opinion. *Id*. at 154:17-21. ("Q. You don't have any opinion on what would have happened to the incentives paid to EHRs; right? You don't opine on that? A. I did not include anything on EHRs in my documents."); *id*. at 55:14-16 ("Q. And it's correct you've never worked for an electronic health records or EHR vendor? A. Correct). Consequently, her report should be excluded as it relates to Plaintiffs' claims against Allscripts because she did not opine on anything related to EHRs or even review documents related to EHRs. *See Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997) (barring expert opinion while noting that "[a]pparently we are supposed to take this on faith, because Schroeder did not gather any data on the subject, survey the published literature, or do any of the other things that a genuine expert does before forming an opinion.").

7.       Because Ms. Davidson has no opinions related to Allscripts or even EHRs more generally and did not review the relevant materials about Allscripts or EHRs in forming her other opinions, her report does not comport with the requirements of FRE 702 or *Daubert* and should be excluded as to Allscripts.

WHEREFORE, Defendant Allscripts requests that the Court exclude Ms. Davidson's

opinions as inadmissible as to the claims against Allscripts.

Dated: November 17, 2023

Respectfully submitted,

/s/ Katharine M. O'Connor

Joel R. Grosberg (*pro hac vice*)
**McDermott Will & Emery LLP**
The McDermott Building
500 North Capitol St NW
Washington, DC, 20001-1531
Telephone: (202) 756-8207
Email: jgrosberg@mwe.com

Katharine M. O'Connor
**McDermott Will & Emery LLP**
444 West Lake Street, Suite 4000
Chicago, IL, 60606-0029
Telephone: (312) 984-3627
Email: koconnor@mwe.com

*Attorneys for Defendant Allscripts*
*Healthcare Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023, I served **DEFENDANT ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.'S SEPARATE MOTION TO EXCLUDE THE TESTIMONY AND REPORT OF MICHELE V. DAVIDSON** on all counsel of record via the CM/ECF electronic filing system.

/s/   Katharine M. O'Connor
 Katharine M. O'Connor
 McDermott Will & Emery LLP